IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mitito Twitty, | ) | C/A No.: 24-388-JDA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Credit Control, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Mitito Twitty ("Plaintiff"), proceeding pro se, filed his complaint against Credit Control, LLC ("Defendant"), arguing it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

This matter comes before the court on Defendant's motion to dismiss. [ECF No. 14]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [ECF No. 15]. Defendant's motion having been fully briefed [*see* ECF Nos. 17, 18], the matter is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends the district judge grant Defendant's motion.

I. Factual and Procedural Background

Plaintiff alleges Defendant is a debt collector. [ECF No. 1 ¶ 12]. Plaintiff further alleges that on January 19, 2024, he accessed and viewed his consumer report he obtained from Experian, a consumer reporting agency. *Id.* ¶ 14. Plaintiff observed two inquires from Defendant dated August 31, 2021, and September 23, 2023, that Plaintiff alleges were unauthorized. He alleges Defendant obtained his consumer report without a permissible purpose. *Id.* ¶¶ 15–17. Plaintiff indicates that he never initiated a consumer credit transaction with Defendant, did not have an account with Defendant, never entered into a contract with Defendant, and never gave permission for Defendant to access his consumer report. *Id.* ¶¶ 18–24, 26. Plaintiff alleges that Defendant accessed his credit report intentionally or recklessly and Defendant's actions were "part of a pattern or practice as evidenced by consumer complaints lodged against the complaint for similar unauthorized access to consumer reports . . . ." *Id.* ¶¶ 28–29.

II. Discussion

A. Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true,

2

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

The FCRA prohibits, among other things, the furnishing and use of consumer credit reports without a permissible purpose. *See* 15 U.S.C. § 1681b(f). The parties do not, and cannot, dispute that debt collection is a permissible purpose for obtaining a consumer credit report under the FCRA. *See* 15 U.S.C. § 1681b(a)(3) (identifying the "collection of an account" as a permissible purpose for the furnishing of a consumer report); *see also Korotki v. Thomas, Ronald & Cooper, P.A.*, No. 96-1877, 1997 WL 753322 (4th Cir. Dec. 5, 1997). To state a claim for acquisition of a credit report in violation of the FCRA, "a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendant used or obtained it, (iii) the defendant did so without a permissible statutory purpose, and (iv) the defendant acted with the specified culpable mental state." *Bruce v. Bank of Am., N.A.*, C/A No. 2:19-03456-BHH-KDW, 2021 WL 7265046, at *3 (D.S.C. Sept. 23, 2021) (citations omitted), report and recommendation adopted, C/A No. 2:19-3456-BHH, 2022 WL 405999 (D.S.C. Feb. 10, 2022).

Here, Plaintiff has failed to plead facts showing that Defendant did not have a permissible purpose for obtaining a credit report. Plaintiff has alleged Defendant is a debt collector. "A debt collector is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt." *Gavin v. Enter. Recovery Sys. Inc.*, C/A No. 7:16-00344-TMC-JDA, 2016 WL

4

11201770, at *3 (D.S.C. Nov. 30, 2016), report and recommendation adopted, C/A No. 7:16-344-TMC, 2017 WL 24254 (D.S.C. Jan. 3, 2017).

Plaintiff is not assisted by his allegations he had no business relationship with Defendant and that he did not provide Defendant authorization to access his credit report. As explained by this court:

> By its plain language, Section 1681b does not require that a user of credit reports like the defendant have a consumer's "permission" to access his credit report. It is also insufficient for the plaintiff to allege that he "never sought to acquire services from" the defendant. "It is not necessary that the plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report." *Gibbons v. GC Servs., LLC*, No. 5:13–CV–00084–BO, 2013 WL 5371620, at *2 (E.D.N.C. Sept. 24, 2013) (dismissing complaint which alleged that defendant "intruded into plaintiff's privacy" by obtaining a copy of his credit report despite the supposed fact that the plaintiff had no "prior business dealings or accounts with defendant").

*Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 895 (D.S.C. 2016).

Plaintiff argues that Defendant's motion should be dismissed because he argues it has "failed to provide any evidence or documentation proving" his credit report was accessed for permissible purposes. [*See* ECF No. 17 at 2]. However, as stated above, a motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint, and defendant is not required to offer evidence. Here, there is no indication in Plaintiff's complaint that Defendant accessed his credit report for impermissible purposes beyond his unsupported legal conclusions.

Accordingly, the undersigned recommends the district judge grant Defendant's motion to dismiss.

III. Conclusion

For the foregoing reasons, the undersigned recommends the district judge grant Defendant's motion to dismiss. [ECF No. 14].

IT IS SO RECOMMENDED.

March 29, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).